IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

ANDREW T. BREWER                                                                         PLAINTIFF

v.                              Case No.: 09-cv-1029

DAVID W. TALLEY, Jr.;
CALVIN KNIGHTON;
and DAVID F. BUTLER                                               DEFENDANTS

## **REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff's complaint was filed in this case on June 12, 2009. (Doc. 2). On September 21, 2009 Plaintiff filed an addendum, which was propounded to him by the Court. (Doc. 9). Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2005), the Honorable Harry F. Barnes, United States District Judge for the Western District of Arkansas, referred this case to the undersigned for the purpose of making a report and recommendation.

Plaintiff's complaint states he was incarcerated for two years on a Class "A" misdemeanor in the Arkansas Department of Corrections, but that his charge of conviction[1] should have carried no more than one year in a county facility. (Doc. 2). On September 18, 2007, Plaintiff filed a motion in the court of his conviction, the Columbia County Circuit Court, to correct an illegal sentence. (Doc. 9, ¶¶ 3, 6). On October 7, 2007, Plaintiff states his sentence was amended from a felony to a misdemeanor. (*Id.*) Plaintiff also states he was given a twelve-month suspended sentence as a result of this correction. (Doc. 2). Furthermore, Plaintiff states he has completed his direct appeal and his sentence and/or conviction have been affirmed. (Doc. 9, ¶3). Plaintiff has filed his Complaint

---

[1] Plaintiff states he was convicted under ARK. STAT. ANN. § 5-64-401(c).

in this Court pursuant to 42 U.S.C. § 1983, alleging the illegal sentence he was originally given in the Columbia County Circuit Court violated his right to due process.

Plaintiff's complaint (Doc. 2) should be dismissed for failure to state a claim upon which relief can be granted. Plaintiff has named as Defendants David W. Talley, his public defender for the sentence at issue in the complaint; Calvin Knighton, the former sheriff of Columbia County; and David Butler, the prosecuting attorney for Columbia County. None of these putative defendants are the sentencing authority under Arkansas law. Moreover the actions of these individuals could not deprive him of any liberty interest or due process with regard to his criminal conviction and sentence. *See Wiggins v. Hess*, 531 F.2d 920 (8th Cir. 1976) (holding court clerk could not have deprived plaintiff of liberty interest or due process as she did not act as sentencing authority).

Moreover, Plaintiff states Mr. Talley, his attorney at the time the sentence was imposed, should "be held responsible" for not recognizing the error. The law is clearly established that a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981).

Similarly, Mr. Butler would also have immunity as a prosecutor. The United States Supreme Court, in *Imbler v. Pachtman*, 424 U.S. 409 (1976), established the absolute immunity of a prosecutor from a civil suit for damages under 42 U.S.C. § 1983 "in initiating a prosecution and in presenting the State's case." *Id.*, 424 U.S. at 427. This immunity extends to all acts that are "intimately associated with the judicial phase of the criminal process." *Id.*, 424 U.S. at 430. *See also Buckley v. Fitzsimmons*, 509 U.S. 259 (1993)(Prosecutor acting as an advocate for the state in a criminal prosecution is entitled to absolute immunity while a prosecutor acting in an investigatory

or administrative capacity is only entitled to qualified immunity). Based on the allegations of the complaint and addendums, it is clear the defendant prosecuting attorneys are entitled to absolute immunity in this case. *See Brodnicki v. City of Omaha*, 75 F.3d 1261 (8th Cir. 1996) (County prosecutors were entitled to absolute immunity from suit).

For the reasons stated above I recommend that Plaintiff's Complaint (Doc. 2) be dismissed on the grounds these named defendants did not cause the named harm, they are immune from suit, or not state actors for purposes of Section 1983 liability. *See* 28 U.S.C. § 1915(e)(2)(B)(I)-(iii)(IFP action may be dismissed on such grounds at any time).

**Plaintiff has ten (10) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this 29th **day of September 2009.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE